IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Gordon, # 259798,<br><br>                Petitioner,<br><br>vs.<br><br>John Pate, Warden at Allendale Correctional Institution,<br><br>                Respondent. | C/A No. 8:15-1063-JFA-JDA<br><br>**REPORT AND RECOMMENDATION** |

Antonio Gordon ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC") allegedly incarcerated at Allendale Correctional Institution. He seeks to overturn his 1999 state criminal conviction. The Petition is subject to summary dismissal.

### **BACKGROUND**

Petitioner alleges that on July 23, 1998, he was taken into custody at the age of sixteen years. [Doc. 1 at 1.] He was charged in the York County Court of General Sessions with murder, attempted armed robbery (two counts), possession of a weapon during the commission of a violent crime (three counts), possession of a firearm by person under twenty-one years, and criminal conspiracy. [*Id.*] On July 16, 1999, he pled guilty allegedly "without being provided with hearing and a[n] order issued from family court exclusive original jurisdiction and DJJ's custody," and he received a sentence of 40 years imprisonment. [*Id.*]

Petitioner filed this habeas action pursuant to § 2241, and he contends that his conviction and sentence violate the United States Constitution. [*Id.* at 2–6.] He alleges that

if he had been in the custody of the South Carolina Department of Juvenile Justice ("DJJ") his confinement could not have exceeded his twenty-first birthday, and he has been confined unlawfully for twelve years. [*Id.*] He seeks to be transferred into the custody of DJJ and then immediately released from custody. [*Id.*]

This Court takes judicial notice that on October 5, 2010, Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this Court seeking to overturn the same 1999 state conviction. *See* Report and Recommendation, *Gordon v. Cartledge*, C/A No. 8:10-2578-MBS-JDA (May 24, 2011), ECF No. 40; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). This Court concurred with the Report and Recommendation to dismiss the action as time barred and granted Respondent's motion for summary judgment dismissing the action with prejudice. *See* Order, *Gordon v. Cartledge*, C/A No. 8:10-2578-MBS-JDA (Sept. 30, 2011), ECF No. 53. Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed it. *See* Opinion and Judgment, *Gordon v. Cartledge*, C/A No. 8:10-2578-MBS-JDA (May 16 and June 7, 2012), ECF No. 59, 60.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted,

is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam).  However, even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving

> permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In this action, although Petitioner entitled his habeas action as pursuant to 28 U.S.C. § 2241, this Court finds that justice requires the Petition to be recharacterized as pursuant to 28 U.S.C. § 2254 because Petitioner primarily seeks to overturn his 1999 state conviction entered in the York County Court of General Sessions. Because Petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). Section 2254 applies to a subset of those to whom § 2241(c)(3) applies, that is, "'a person in custody *pursuant to the judgment of a state court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* at 786 (quoting 28 U.S.C. § 2254(a) (emphasis added)). If a person is in state custody pursuant to something other than a state court judgment, for example a state pre-trial bond order, then his habeas petition is not governed by § 2254. *Id.* at 787. If this were not the case, then "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." *Id.* (citing *Medberry v. Crosby*, 351

4

F.3d 1049 (11th Cir. 2003)); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis . . . .").

Accordingly, because the crux of the Petition is actually a § 2254 action, it should be dismissed because it is successive to Petitioner's first § 2254 action, which was decided on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action. That statute permits a court of appeals to determine whether to authorize a successive petition; thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it. *Id.*

## **RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

March 18, 2015                                                s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).