IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Antonio Gordon, #259798, | ) | C/A No. 8:15-cv-1063-JFA-JDA |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| John Pate, Warden at Allendale Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Antiono Gordon ("Petitioner"), is an inmate in custody of the South Carolina Department of Corrections and is currently housed at Allendale Correctional Institution. Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to overturn his 1999 state criminal conviction.

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.). In issuing their Report and Recommendation, the Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual Report and Recommendation to which no objections are given. While the level of scrutiny depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the

Magistrate Judge's findings or recommendations. *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992).

### I.     Petitioner's 28 U.S.C. § 2241 Motion

The Petitioner characterized his action as a 28 U.S.C. § 2241 motion. However, because the petition primarily seeks to overturn Petitioner's 1999 state conviction, and challenges to state convictions are typically cognizable only under 28 U.S.C. § 2254, it must be restyled as such. *See Franklin v. McCall*, No. 8:12-CV-02331-GRA, 2013 WL 5275924, at *2 (D.S.C. Sept. 17, 2013) ("The primary means of attacking the validity of a state conviction and sentence is through a petition pursuant to 28 U.S.C. § 2254, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a sentence."); *Clemmons v. South Carolina*, No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008) ("Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers.").

In 2011, Petitioner filed a habeas action pursuant to § 2254 in this district for the same purpose. *See Gordon v. Cartledge*, C/A No. 8:10-2578-MBS-JDA ECF No. 40. The Court found the action was time-barred and granted respondent's motion for summary judgment, dismissing the action with prejudice. *Id.,* ECF No. 53. Petitioner then appealed, but the Fourth Circuit Court of Appeals dismissed his claim. *Id.,* ECF Nos. 59, 60.

Though 28 U.S.C. § 2244(b)(2) allows a petitioner to bring a successive § 2254 action, a petitioner may only bring a second claim when it has been authorized by a court of appeals. In the

present matter, Petitioner has not obtained such authorization. As the Magistrate Judge correctly reasons, because the Petitioner has not sought and received permission from the Fourth Circuit Court of Appeals to file a second, successive § 2254 motion, this Court does not have jurisdiction to consider it, and the action should be summarily dismissed.

## II.     Petitioner's Supplement to his Original Action.

Petitioner supplemented his original action after the Magistrate Judge issued her Report and Recommendation. However, the information provided in Petitioner's supplemental complaint neither invalidated the recommended alternate characterization of Petitioner's claim, nor suggested he had received permission from a court of appeals to file a successive § 2254 action. Therefore, even with Petitioner's supplemental complaint, the Court still does not have jurisdiction to consider the action.

## III.     Conclusion

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Because Petitioner has not received permission to file a successive habeas corpus action, this Court does not have jurisdiction to consider the matter, and it should be summarily dismissed. Accordingly, the Report and Recommendation is incorporated herein by reference, and this action is dismissed without prejudice and without requiring Respondent to file an answer or return.

IT IS SO ORDERED.

July 31, 2015                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge